

# NUMBER 13-11-00293-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PRECINCT 2 CONSTABLE GILBERT ALANIZ,          APPELLANT,

v.

CLAUDIA LINETTE CHAGOLLA,          APPELLEE.

## On appeal from the 398th District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Precinct 2 Constable Gilbert Alaniz, attempted to perfect an appeal from an order signed on April 14, 2011, in cause no. C-639-11-I. Upon review of the documents before the Court, it appeared that the order from which this appeal is taken is not an appealable order. On May 26, 2011, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX.

R. APP. P. 37.1, 42.3. The parties were advised to file a response within ten days, indicating whether this Court has jurisdiction and the legal basis for such a position. Neither party has responded to the Court's notice.

The trial court entered an order granting a verified petition to investigate a potential claim and ordered the deposition of appellant. Appellant filed a notice of appeal of the April 14, 2011 order.

Presuit deposition orders are appealable only if sought from someone against whom suit is not anticipated; when sought from an anticipated defendant, such orders are considered ancillary to the subsequent suit, and thus neither final nor appealable. *See Beausoleil v. Reaud, Morgan & Quinn, L.L.P.,* No. 09-11-00056-CV, 1022 Tex. App. LEXIS 993, (Tex. App.—Beaumont February 11, 2011).

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's pre-suit deposition order is ancillary to an anticipated suit to which Precinct 2 Constable Gilbert Alaniz is an anticipated defendant. Because we lack appellate jurisdiction, the appeal must be dismissed. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
4th day of August, 2011.

2